UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RAMIRO GARZA,

    Petitioner,

v.      CAUSE NO. 3:23-CV-59-DRL-JPK

WARDEN,

    Respondent.

OPINION AND ORDER

Ramiro Garza, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary proceedings (RDS-22-10-6) at the Reception Diagnostic Center in which he was charged with trafficking in violation of Indiana Department of Correction Offense 113. He was sanctioned with a loss of 46 days earned credit time and a demotion in credit class. Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

Mr. Garza argues that he is entitled to habeas relief because he did not intentionally touch the rosary as described in the conduct report and other inmates offered statements that they did not see him touch it. He further cites the hearing officer's explanation that he should have told correctional staff about the rosary rather than passing it along in response to his inquiry as to why he was found guilty.

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the

> record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000). A conduct report alone is sufficient to satisfy the "some evidence" standard. *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) ("That report alone provides "some evidence" for the CAB's decision.").

> Departmental policy defines trafficking as:
>
> Giving, selling, trading, transferring, or in any other manner moving an unauthorized physical object to another person; or receiving, buying, trading, or transferring; or in any other manner moving an unauthorized physical object from another person without the prior authorization of the facility warden or designee.[1]

The administrative record includes a conduct report in which a sergeant represented that he saw Mr. Garza pass a rosary to another inmate in the shakedown room. ECF 1-1 at 9. It also includes a photograph of the rosary and a video recording summary that is consistent with the conduct report. *Id.* at 5, 10. The conduct report, the video recording summary, and the photograph constitute some evidence that Mr. Garza committed trafficking as defined by departmental policy. Moreover, it is unclear why Mr. Garza believes that the hearing officer's response to his inquiry, which appears to be a reasonable interpretation of the trafficking offense, was improper or otherwise constitutes a basis for habeas relief. *See Crawford v. Littlejohn*, 963 F.3d 681, 683 (7th Cir.

---

[1] The appendix for inmate offenses is available at https://www.in.gov/idoc/files/ADP-Attachment-I-Offenses-3-1-2020.pdf.

2020) (courts should defer to "state officials' reading of state law"). Therefore, Mr. Garza's claims are not a basis for habeas relief.

If Mr. Garza wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed *in forma pauperis* on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 1);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Ramiro Garza leave to proceed *in forma pauperis* on appeal.

SO ORDERED.

February 1, 2023 *s/ Damon R. Leichty*
Judge, United States District Court